JOURNAL ENTRY and OPINION
{¶ 1} The State appeals the trial court's dismissal of the felony charges against defendant-appellee, Delrone Brown ("Brown"). For the reasons discussed below, we dismiss this appeal for lack of jurisdiction.
 {¶ 2} On October 22, 2003, Brown was charged with aggravated burglary, robbery, domestic violence, and disrupting a public service. A pretrial was held on November 20, which was continued at Brown's request until December 5. Brown subpoenaed the victim to appear at the December 5 pretrial. When the victim failed to appear at the pretrial, Brown requested another continuance until December 18. The victim, although subpoenaed, again failed to appear at the pretrial. Brown requested another continuance of the pretrial until January 13, 2004, and subpoenaed the victim. The victim failed to appear again, and the trial court, sua sponte, dismissed the case over the State's objection. Following a hearing, the State's motion to vacate and to reinstate the case was denied.
 {¶ 3} The State appeals the trial court's dismissal, raising three assignments of error. We need not address the merits of the appeal because the record contains no final appealable order.
 {¶ 4} R.C. 2505.02(B) defines a final order, in pertinent part, as follows:
{¶ 5} "(B) An order is a final order that may be reviewed,affirmed, modified, or reversed, with or without retrial, when itis one of the following:
 (1) An order that affects a substantial right in an actionthat in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in aspecial proceeding or upon a summary application in an actionafter judgment;
 (3) An order that vacates or sets aside a judgment or grants anew trial;
 (4) An order that grants or denies a provisional remedy and towhich both of the following apply:
 (a) The order in effect determines the action with respect tothe provisional remedy and prevents a judgment in the action infavor of the appealing party with respect to the provisionalremedy.
 (b) The appealing party would not be afforded a meaningful oreffective remedy by an appeal following final judgment as to allproceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not bemaintained as a class action; * * *"
 {¶ 6} A conflict exists among appellate districts as to whether a dismissal under Crim.R. 48(B) constitutes a final, appealable order. The Tenth Appellate District has contended that dismissals involving Crim.R. 48(B) constitute final appealable orders. See State v. Watkins (Feb. 13, 2003), Franklin App. No. 02AP-659; State v. Ferguson, Franklin App. No. 02AP-660, 2003-Ohio-665; State v. Noland (June 26, 2001), Franklin App. No. 01AP-159; State v. Clipner (Sept. 14, 1999), Franklin App. No. 98AP-1477. However, this Court has repeatedly held that, in the absence of a notation that the matter was dismissed with prejudice, a dismissal pursuant to Crim.R. 48(B) is not a final appealable order. See Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324; Cleveland v. Stifel (Sept. 2, 1999), Cuyahoga App. No. 75761, citing State v. Dixon (1984),14 Ohio App.3d 396, 471 N.E.2d 864.
 {¶ 7} Crim.R. 48 provides the procedure for the dismissal of a criminal case by either the State or the court. Subsection (B) provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." This rule does not provide for a dismissal with prejudice. See Stifel, supra, citing Dixon, supra.
 {¶ 8} In the instant case, the judgment entry of dismissal does not indicate that this matter was dismissed with or without prejudice. This court has held that, when a trial court does not specify whether the dismissal was with or without prejudice, we are to presume it was intended to be without prejudice. See,Fleming, supra, citing Stifel, supra. In Fleming, this court stated:
{¶ 9} "Crim.R. 48(B) does not provide for a dismissal withprejudice; the court has the inherent power to dismiss withprejudice only where it is apparent that the defendant has beendenied a constitutional or statutory right, the violation ofwhich would, in itself, bar prosecution. State v. Dixon(1984), 14 Ohio App.3d 396, 471 N.E.2d 864; State v. Sutton(1979), 64 Ohio App.2d 105, 411 N.E.2d 818.
* * *
{¶ 10} A dismissal without prejudice does not affect a`substantial right' within the meaning of R.C. 2505.02 becausethe state can bring the action again. The entry does not deny thestate a judgment in its favor. State v. Eberhardt(1978),56 Ohio App. 2d 193, 198, 381 N.E.2d 1357; State v. Tankersley,1996 Ohio App. LEXIS 4791, *7-8 (Oct. 31, 1996), Cuyahoga App.Nos. 70068 and 70069, unreported. A dismissal is not a finaldetermination of the parties' rights if the complaint can berefiled. Stifel, at 7-8. Therefore, a dismissal withoutprejudice is not a final order under R.C. 2505.02(B)(1) and (2).
 {¶ 11} The orders of dismissal are not final orders under R.C.2505.02(B)(3) and (5) because a dismissal does not vacate ajudgment, grant a new trial, or determine whether an action maybe maintained as a class action. These also are not orders thatgrant or deny a `provisional remedy' under R.C. 2505.02(B)(4);the dismissal of a criminal complaint cannot be considered a`proceeding ancillary to [the] action.' See R.C. 2505.02(A)(3)(defining a provisional remedy)." Fleming, supra.
 {¶ 12} The trial court in the instant case made no finding that Brown was denied a constitutional or statutory right when it dismissed the charges against him. The trial court dismissed the action prior to trial and, therefore, jeopardy had not attached. Because this action may be refiled without infringing upon Brown's constitutional or statutory rights, the dismissal was not a final determination of the parties' rights and, thus, does not affect a substantial right. Fleming, supra; citing Stifel,
supra. Therefore, a dismissal of a criminal complaint, without prejudice, is not a final order, and this court lacks jurisdiction to consider the State's appeal.
Appeal dismissed.
It is, therefore, considered that said appellant shall pay the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and McMonagle, J. concur.