{¶ 19} While I agree with the majority opinion's analysis with regard to Sims' third and fourth assignments of error, since the jury instructions given in this case were flawed, I dissent from the majority's decision to consider this appeal without considering the matter of the second count of the indictment. As the record stands, this court lacks jurisdiction over this appeal.
 {¶ 20} The record reflects this court previously dismissed this appeal for lack of jurisdiction because the jury could not reach a verdict on the first count of the indictment and the trial court thereafter made no final disposition of the charge. The situation remains unchanged. This court cannot consider the appeal until the remaining count of the indictment is dismissed "with prejudice." State v. Bourdess (Oct. 7, 1999), Cuyahoga App. No. 74842.
 {¶ 21} This court repeatedly has held that in a criminal case, a dismissal without prejudice does not constitute a final order under either R.C. 2505.02 or Crim.R. 48. Id.; Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324; Cleveland v. Stifel (Sept. 29, 1999), Cuyahoga App. No. 75761; State v. Brown, Cuyahoga App. No. 84229, 2004-Ohio-5587; State v. Bobby (May 8, 1986), Cuyahoga App. No. 50455 (which held that since the defendant already was placed in jeopardy by trial, which did not terminate when the hung jury was discharged, "there is no valid double jeopardy claim to prevent retrial;" the caseremained pending against the defendant because "a mistrial following a hung jury is not an event that terminates original jeopardy," and, thus, no final disposition had been made in the case.)
 {¶ 22} Similarly, in this case, the trial judge has issued an order that purported to dismiss the remaining count against appellant, but he did so "without prejudice." Although Crim.R. 48 does not contemplate that the trial court may bar prosecution by dismissing an indictment with prejudice, nothing prevents the state from doing so. Indeed, if the jury had found Sims guilty on count two, R.C. 2941.25(A) would prohibit her conviction on that count.
 {¶ 23} In my view, therefore, this appeal is premature. The state should be required to either dismiss with prejudice or proceed to trial on count two before this case may be considered.