JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by the State of Ohio from an order of the Common Pleas Court dismissing with prejudice an indictment returned against defendant, Michelle Johnson. We reverse the trial court's judgment and remand for further proceedings.
 {¶ 2} The following facts give rise to this appeal. On the day of trial, the State made an oral motion for a continuance because the alleged victim was not present. Defense counsel requested instead that the court dismiss the indictment with prejudice. The trial court granted defendant's motion. Later that day, the trial court entered an order sealing the record pursuant to R.C. 2953.52 and 2953.53.
 {¶ 3} The State now appeals, asserting that the trial court erred in dismissing the indictment with prejudice. We agree.
 {¶ 4} Crim.R. 48 provides the procedure for the dismissal of a criminal case by either the State or the court. Subsection (B) provides that "[i]f the court over the objection of the State dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." As this court has held previously, numerous times, "Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324, citing State v. Dixon
(1984), 14 Ohio App.3d 396. (Emphasis added.) See, also, Statev. Brown, Cuyahoga App. No. 84229, 2004-Ohio-5587, at ¶ 9;State v. Rivers, Cuyahoga App. No. 83321, 2004-Ohio-2566, at ¶ 8; State v. Tankersley (Apr. 23, 1998), Cuyahoga App. Nos. 72398, 72399.
 {¶ 5} There is no indication the court found any such constitutional or statutory violation here. Accordingly, the trial court erred in dismissing the indictment with prejudice.
 {¶ 6} The State's assignment of error is sustained. The trial court's judgment dismissing the indictment is reversed. Likewise, the court's order sealing the record upon the dismissal of the indictment is vacated.
 {¶ 7} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Cooney, J., concur.