The STATE of Ohio, Appellee,

v.

HAY, Appellant.

[Cite as *State v. Hay,* 169 Ohio App.3d 59, 2006-Ohio-5126.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2006 CA 7.

Decided Sept. 29, 2006.

Scott D. Schockling and Lori L. Reisinger, for appellee.

Darrell L. Heckman, for appellant.

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Lisa A. Hay, appeals her conviction and sentence for one count of contributing to the delinquency of a minor and one count of acting in a way tending to cause a child to become delinquent, both misdemeanors of the first degree.

{¶ 2} On October 24, 2005, Hay was charged by complaint with nine misdemeanor counts in the Champaign County Juvenile Court. With respect to each of the three minor victims involved (one male and two females), Hay was charged with one count of furnishing alcohol, in violation of R.C. 4301.69(A), one count of contributing to the delinquency of a juvenile, in violation of R.C. 2919.24(A)(1), and one count of acting in a way tending to cause a child to become delinquent, in violation of R.C. 2919.24(A)(2).

{¶ 3} In case No. 2005 JE 03, Hay was charged with the above offenses in connection with the juvenile male victim, W.F. In case No. 2005 JE 04, Hay was charged with the same offenses in connection with the two juvenile female victims, S.C. and C.B. The cases were consolidated for trial on January 9, 2006.

{¶ 4} At the conclusion of the state's case, defense counsel moved for acquittal with respect to all charges against Hay. The trial court dismissed Count I in case No. 2005 JE 03, finding that, as a matter of law, there was insufficient evidence that Hay furnished alcohol to W.F. The remaining charges against Hay went to the jury, which found her guilty of Counts 2 and 3 in case No. 2005 JE 03 and not guilty on all counts in case No. 2005 JE 04. On February 2, 2006, Hay was sentenced to fines of $100 each for Counts 2 and 3. She was also ordered to pay $776 in court costs. Hay filed a notice of appeal on February 9, 2006.

I

{¶ 5} The incidents that form the basis for Hay's conviction and sentence allegedly occurred during the summer of 2005. Hay, who is a former mathematics teacher at Triad Local Schools in Champaign County, Ohio, was suspended from her employment as a result of the charges brought in this case. Prior to the summer of 2005, Hay's daughter, H.H., who is a student at Triad, began dating W.F., another student at Triad and also one of the complainants. W.F. began spending a substantial time at the Hay residence during that summer. In fact, testimony was adduced at trial that demonstrated that many of H.H.'s friends spent time at Hay's residence, and her home was considered a "hangout" for the teenagers.

{¶ 6} It was during this time that Hay allegedly furnished alcohol to W.F. and the two female complainants, S.C. and C.B. At trial, the state attempted to demonstrate that even if Hay did not furnish the alcohol to the teens, then she was at least aware that they were consuming alcohol on her property.

{¶ 7} With respect to W.F., the jury found Hay guilty of one count of contributing to the delinquency of a minor and one count of acting in a way tending to cause a child to become delinquent. Hay was acquitted of all charges with respect to the female victims.

{¶ 8} From her conviction and sentence, Hay appeals.

## II

{¶ 9} Hay's first assignment of error is as follows:

{¶ 10} "The trial court erred in overruling defendant-appellant's motion for acquittal because prosecution was barred by the principles of former jeopardy once count one was dismissed at the close of the state's case."

{¶ 11} In her first assignment of error, Hay contends that in light of the language set forth in the complaint in case No. 2005 JE 03, once the court concluded that the evidence failed to demonstrate that she furnished any alcohol to W.F. and dismissed count 1, counts 2 and 3 should have been dismissed as well because those charges were also premised upon Hay's furnishing alcohol to W.F. We agree.

{¶ 12} The complaint in case No. 2005 JE 03 states:

{¶ 13} "Count 1—Complainant being duly sworn, states that Lisa A. Hay at 124 Smith St., Urbana, Ohio, Urbana Twp., Champaign County, Ohio, on or about July 1, 2005, 'no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian', as defined in Section 4301.69(A) of the Ohio Revised Code."

{¶ 14} "To wit: Did furnish alcohol to [W.F.], being aware that he is a Juvenile under the age of twenty-one (21) years."

{¶ 15} "In Violation of Section 4301.69(A) O.R.C.—Offenses involving underage persons (M–1)"

{¶ 16} "Count 2—Complainant being duly sworn, states that Lisa A. Hay at 124 Smith St., Urbana, Ohio, Urbana Twp., Champaign County, Ohio, on or about July 1, 2005, 'no person including a parent, guardian, or other custodian of a child, shall aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2152.02 of the Revised Code.' "

{¶ 17} "To wit: Did furnish alcohol to [W.F.], being aware that he is a Juvenile under the age of twenty-one (21) years."

{¶ 18} "In Violation of Section 2919.24(A)(1) O.R.C.—Contributing to Delinquency (M–1)"

{¶ 19} "Count 3—Complainant being duly sworn, states that Lisa A. Hay at 124 Smith St., Urbana, Ohio, Urbana Twp., Champaign County, Ohio, on or about July 1, 2005, 'no person including a parent, guardian, or other custodian of a child, shall act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2152.02 of the Revised Code.'"

{¶ 20} "To wit: Did furnish alcohol to [W.F.], being aware that he is a Juvenile under the age of twenty-one (21) years."

{¶ 21} "In Violation of Section 2919.24(A)(2) O.R.C.—Contributing to Delinquency (M–1)"

{¶ 22} Pursuant to the language in the complaint in case No. 2005 JE 03, it is clear that each count requires proof beyond a reasonable doubt that Hay furnished alcohol to W.F. With respect to Counts 2 and 3, the court stated in its instructions to the jury:

{¶ 23} "Contributing, Counts 2 and 3, [W.F.]. Count 2 and 3 of Complaint Number 2005 JE 03 alleges that the defendant contributed to the delinquency of [W.F.] *These counts are based upon the allegation that the defendant illegally furnished [W.F.] beer or an intoxicating liquor.*" (Emphasis added.)

{¶ 24} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). See *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108 [49 O.O.2d 435], 254 N.E.2d 10; *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062," *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226. "The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67. Thus, a judgment in a former action acts as a bar in a subsequent action where the cause of action prosecuted is the same. Id.

{¶ 25} "[I]f it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action." *Norwood*, 142 Ohio St. at 306, 27 O.O. 240, 52 N.E.2d 67.

{¶ 26} Although Hay moved for acquittal as to all counts in the complaint, the court granted her motion only with respect to Count 1 in case No. 2005 JE 03, finding that the evidence was insufficient as a matter of law to conclude that she had furnished alcohol to W.F. Because the court found that Hay did not furnish alcohol to W.F. and dismissed count one, the doctrine of res judicata precluded the court from allowing the remaining two counts in case No. 2005 JE 03 to be premised on those same set of facts. However, that is precisely what the court did.

{¶ 27} At trial, the state argued that the remaining counts were premised upon Hay's allowing W.F. to consume alcoholic beverages on her property, rather than providing him with the alcohol. Thus, in that way, she was contributing to W.F.'s delinquency and was therefore guilty of violating R.C. 2919.24(A)(1) and (2). However, even a perfunctory review of the complaint in case No. 2005 JE 03 reveals that all three counts were premised upon the allegation that Hay furnished alcohol to W.F. on July 1, 2005. Moreover, no attempt or request was made by the state to amend the complaint to reflect that Counts 2 and 3 against Hay were also premised upon her allowing W.F. to consume alcohol on her property. At the close of trial, the court instructed the jury only that Counts 2 and 3 in case No. 2005 JE 03 were *based upon the allegation that the defendant illegally furnished W.F. beer or an intoxicating liquor.*

{¶ 28} The issue of ultimate fact common to all three counts, "furnishing alcohol to W.F.," had been determined with finality in favor of Hay. It is apparent from the instructions given to the jury that the remaining counts against Hay in case No. 2005 JE 03 were based upon her furnishing alcohol to W.F., which the court found conclusively had not been established. After finding that the evidence was insufficient as a matter of law to demonstrate that she had committed such an act, the doctrine of res judicata required the trial court to dismiss Counts 2 and 3 in case No. 2005 JE 03.

{¶ 29} In light of the above analysis, we decline to address any of the remaining arguments in Hay's first assignment of error.

{¶ 30} Hay's first assignment of error is sustained.

### III

{¶ 31} Hay's first assignment of error having been sustained, her remaining assignments are rendered moot.

Judgment reversed
and cause remanded.

GRADY, P.J., and WOLFF, J., concur.