{¶ 9} I concur in judgment only. I note that this is only one of several similar cases where the trial court dismissed the case with prejudice where the state's witnesses failed to appear and the state was not ready to go to trial. See State v. Johnson,
Cuyahoga App. No. 87348, 2006-Ohio-4772 (On the day of trial, the State made an oral motion for a continuance because the alleged victim was not present); State v. Watson, Cuyahoga App. No. 87347, 2006-Ohio-4771 (the police officers involved in the case were not present.)
 {¶ 10} In this matter, trial was originally scheduled for June 15, 2005. The state moved for a continuance asserting that the arresting officer would be on vacation on this date. The trial court granted the state's motion and rescheduled the matter to August 15, 2005. On this date, the state again requested a continuance and again asserted that the arresting officer was on vacation. Defendant objected to the state's request. The trial court denied the request, dismissed the indictment with prejudice and ordered the records of the case sealed.
 {¶ 11} The parties were given plenty of notice of the impending trial, and having been forewarned, were required to be prepared. Moreover, litigants must make every effort to ensure that they can meet scheduled trial dates. A trial court acts well within its discretion in refusing to grant a continuance in these instances. State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078, syllabus.
 {¶ 12} A scheduled trial date is obviously applicable to both parties and invariably impacts both parties. The trial court, as the neutral arbiter of the proceedings, is not required to merely assent to a prosecuting attorney's claim that the matter must be continued. The court is vested with control over its own docket and has responsibilities to safeguard fundamental rights of the accused.
 {¶ 13} Moreover, as the party with the of burden proof the prosecuting attorney must be especially vigilant in meeting scheduled dates. We note that courts have proceeded to seat a jury and require the presentation of evidence even where the prosecuting attorney complains that his witness has not appeared. See State v. Kubitz (Feb. 18, 2000), Ottawa App. No. OT-99-061. In that case, defendant was arrested for driving under the influence of alcohol, disorderly conduct, and no operator's license. He pled not guilty, demanded a jury trial and was held in lieu of bond. On the day of trial, the state informed the court that it could not obtain service upon a critical witness. The state continued to locate the missing witness and the trial court seated a jury. The court then denied the state's motion for a continuance and the state moved to dismiss. The court granted the motion to dismiss, but, citing possible double jeopardy and speedy trial issues, would not grant the state leave to refile the case.
 {¶ 14} The matter was affirmed on appeal, as the panel noted:
 {¶ 15} "The trial date for this case was originally set on July 8, 1999. The state, therefore, had two and one-half weeks to procure attendance of its witness. In our view, it is not unreasonable for a court which has provided adequate notice for a trial to expect all parties to be prepared to go forward with the trial. Since the court's decision denying a continuance was neither unreasonable, arbitrary nor unconscionable, it did not constitute an abuse of discretion."
 {¶ 16} Parties must remain mindful of the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.