JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's judgment finding the State's re-indictment of defendant-appellee, Majed Lababidi, barred by res judicata. The State argues that the trial court's dismissal of the first indictment against Lababidi was a dismissal without prejudice and, therefore, it could properly re-indict him. We affirm the decision of the trial court.
 {¶ 2} Lababidi was originally indicted in Case No. CR-478783 on four counts of trademark counterfeiting, in violation of R.C. 2913.34, and four counts of criminal simulation, in violation of R.C. 2913.32.
 {¶ 3} The trial court subsequently held a hearing of some sort. Neither Lababidi nor the State provided this court with a copy of the transcript of this proceeding. The docket reflects that Lababidi "waived his right to trial by jury," and filed a "Motion to Dismiss," both on August 3, 2006,[1] but does not reflect that a bench trial was actually commenced. That same date the docket reflects "calling witnesses" and "Motion of Defendant to Dismiss is Granted." What knowledge this court has of that hearing is limited to the opinion written by the trial judge in the case sub judice.
 {¶ 4} The State subsequently re-indicted Lababidi, in an identical indictment, in Case No. CR-490241. The trial court ruled that the State was barred by the doctrine of res judicata from prosecuting Lababidi on identical charges and *Page 4 
dismissed the case. The trial court filed an opinion in this matter, and it is from this opinion that the State now appeals.
 {¶ 5} The State argues that the trial court erred in finding its re-indictment of Lababidi barred by the doctrine of res judicata. The State directs us to State v. Brown, Cuyahoga App. No. 84229,2004-Ohio-5587, wherein this court stated, "this court has repeatedly held that, in the absence of a notation that the matter was dismissed with prejudice, a dismissal pursuant to Crim.R. 48(B) is not a final appealable order." Id. at ¶ 6. Thus, the State contends that the trial court's order dismissing Case No. CR-478783 (the first indictment) was not a final order, because the entry did not specify whether the dismissal was with or without prejudice, and, therefore, it could properly re-indict Lababidi on the same charges.
 {¶ 6} The State ignores other language found in Brown, however. In considering a dismissal under Crim.R. 48(B), this court stated:
 {¶ 7} "`Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution.'" Id. at ¶ 9, quoting Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324.
 {¶ 8} Here, it is clear from the court's opinion that the trial court dismissed Case No. CR-478783 (the first case) as a result of its finding constitutional violations; *Page 5 
hence, the dismissal was upon the merits. The State did not appeal that dismissal, as was its right under R.C. 2945.67(A).[2]
 {¶ 9} The doctrine of res judicata provides that `"a final judgment, rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions * * *.' Thus, a judgment in a former action acts as a bar in a subsequent action where the cause of action prosecuted is the same." State v. Hay, 169 Ohio App.3d59, 2006-Ohio-5126, at ¶ 24, quoting Norwood v. McDonald
(1943), 142 Ohio St. 299. If the same facts or evidence would sustain both, the two actions are considered the same within the rule and the judgment in the former is a bar to the subsequent action. Id. at ¶ 25.
 {¶ 10} Here, there is no question that the State's re-indictment of Lababidi is based upon the same facts and evidence as the first indictment. Because the first indictment was dismissed on the merits as a result of the court finding constitutional violations, and the State did not appeal the dismissal, the State's re-indictment is barred by the doctrine of res judicata.
 {¶ 11} The State's assignment of error is overruled.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 6 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
MARY EILEEN KILBANE, J., CONCURS
SEAN C. GALLAGHER, P. J., DISSENTS WITH SEPARATE OPINION
[1] There is no Motion to Dismiss contained within the file.
[2] "A prosecuting attorney * * * may appeal as a matter of right * * * any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment."