{¶ 12} The prosecutor in his case must feel like the character Yossarian in Joseph Heller's novel Catch-22. He was in a no-win situation.
 {¶ 13} I respectfully dissent from the majority opinion because it is based on an after-the-fact determination by the trial court that the initial case was dismissed with prejudice on constitutional grounds. The trial court's subsequent explanation is nothing more than revisionist history. While there was apparently a discussion on the record in the first case about constitutional issues, that transcript is not before us. Further, the judgment entry in the first case did not state the reason for the dismissal or that the dismissal was with prejudice. It simply stated that defendant's motion to dismiss was granted; therefore, it is treated as a dismissal without *Page 7 
prejudice. At the time of the re-indictment, the dismissal did not specify that it was with prejudice.
 {¶ 14} Here, the August 9, 2006 judgment entry shows the case was "dismissed." Pursuant to our earlier ruling in State v. Brown, Cuyahoga App. No. 84229, 2004-Ohio-5587, this ruling was not a dismissal with prejudice and was not a final appealable order. This case was then re-indicted on December 21, 2006. The fact that the trial court issued what amounts to a "clarification" order to justify the earlier dismissal does not cure the underlying problem. The case was simply not properly dismissed with prejudice, thus the State's only remedy was to refile the action. As a result, I would reverse the trial court's ruling, and reinstate the case against the defendant. *Page 1