[Cite as *State v. Strong*, 2014-Ohio-4209.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100766

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DANA STRONG

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573499-A

**BEFORE:**  E.T. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  September 25, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James M. Price
       Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

David L. Grant
Grant & O'Malley, Co., L.P.A.
1370 Ontario Street
Standard Building # 1350
Cleveland, Ohio 44113

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, the state of Ohio ("the state"), appeals from the trial court's order dismissing the indictment against defendant-appellee, Dana Strong ("Strong"), with prejudice. Finding merit to the appeal, we reverse and remand.

{¶2} In April 2013, Strong was re-indicted on one count of robbery in violation of R.C. 2911.02(A)(3), in case CR-13-573499-A. This case had twice previously been indicted and dismissed without prejudice. Respectively CR-07-493141-A and CR-09-526460-A. The first dismissal entry is silent as to the reason, whereas the second indictment was dismissed without prejudice due to the state's witness failing to appear for trial.

{¶3} In the instant case, on November 13, 2013, the trial court addressed Strong's pending motion to dismiss for purposes of speedy trial on the record. The court calculated the number of days Strong had been in jail pending the outcome of the case. At the conclusion of the hearing, the court denied Strong's motion to dismiss, finding that his right to a speedy trial had not been violated.

{¶4} On December 11, 2013, the case was called for trial, however, the state's key witness failed to appear. Strong made an oral motion to dismiss, requesting that the dismissal be made with prejudice. The state objected. Strong argued the case should be dismissed with prejudice because it had been indicted and dismissed twice before due to the state's witness failing to appear for trial and his due process rights had been violated.

**{¶5}** The trial court granted Strong's oral motion to dismiss, dismissing the case with prejudice. It is from this dismissal that the state now appeals, raising two assignments of error. *See* R.C. 2945.67(A) (which provides that a prosecuting attorney may appeal as a matter of right any decision of a trial court in a criminal case that grants a motion to dismiss all or part of an indictment). We find the first assignment of error dispositive of the appeal.

### Dismissal with Prejudice

**{¶6}** In its first assignment of error, the state argues the trial court erred by dismissing the indictment against Strong with prejudice absent a finding that Strong was denied a constitutional or statutory right.

**{¶7}** A trial court's dismissal of an indictment is reviewed for an abuse of discretion. *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4, citing *State v. Tankers*, 8th Dist. Cuyahoga Nos. 72398 and 72399, 1998 Ohio App. LEXIS 1724 (Apr. 23, 1998). An abuse of discretion implies a decision that either is without a reasonable basis or is clearly wrong. *Id.*, citing *Angelkovski v. Buckeye Potato Chips Co.*, 11 Ohio App.3d 159, 463 N.E.2d 1280 (10th Dist.1983).

**{¶8}** A trial court has the inherent right to dismiss an indictment, pursuant to Crim.R. 48(B), which provides:

> If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

**{¶9}** Although Crim.R. 48 allows a trial court to dismiss an indictment, the dismissal may only be made with prejudice where the court finds that "the defendant has been denied a constitutional right or statutory right, the violation of which would, in itself, bar prosecution." *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009-Ohio-5836, ¶ 12, citing *Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec. 7, 2000); *State v. Tate*, 8th Dist. Cuyahoga Nos. 93384, 93385, and 93386, 2010-Ohio-3312, ¶ 32; *State v. Dixon*, 14 Ohio App.3d 396, 471 N.E.2d 864 (8th Dist.1984). *See also State v. Johnson*, 8th Dist. Cuyahoga No. 87348, 2006-Ohio-4772, ¶ 4; *State v. Lababidi*, 8th Dist. Cuyahoga No. 89460, 2008-Ohio-574, ¶ 7; *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 5.

**{¶10}** In the instant case, defense counsel stated at the hearing:

> Your Honor, at this time, we would make a motion to dismiss. We would also ask the Court to consider dismissing this matter with prejudice. This is, at least, the third time this case, in predecessor case numbers, has been dismissed due to the failure of the State to produce the witness. My client shouldn't have to have this hanging over his head anymore.

When asked by the court under what authority the case could be dismissed with prejudice, defense counsel responded by stating, "I think it's a violation of my client's rights to due process."

**{¶11}** The trial court made its ruling on the oral motion, stating:

I'm going to dismiss it with prejudice because he has served over four hundred days in county jail on this matter. I understand, Mr. Colan [the state's attorney], your argument about some of the delay was caused by him.

But, repeatedly, your witness, Mr. Davis, has failed to appear.

Having thoroughly reviewed the transcript, we find the trial court's reasoning to be unclear and inadequate. The trial court's reference to time served and to the failure of the state's witness to appear leave this court to speculate as to what violation, if any, the trial court believed had occurred, i.e. speedy trial, right to trial, right to cross-examination, due process, etc.

{¶12} Regardless, in failing to set forth a straightforward constitutional or statutory violation, as well as in failing to provide clear reasoning to support its decision, we find the trial court did not meet the requirements of Crim.R. 48, and thus abused its discretion in dismissing the case with prejudice.

{¶13} Accordingly, the first assignment of error is sustained. The trial court's order dismissing the case with prejudice is hereby reversed and vacated. The judgment is remanded to the trial court to enter a dismissal *without* prejudice. The first assignment of error is dispositive. We find the second assignment of error is therefore moot and shall not be addressed.[1]

{¶14} Judgment reversed and remanded.

---

[1] In its second assignment of error, the state argues the trial court erred in ordering a state's witness appear for a final pretrial.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
PATRICIA ANN BLACKMON, J., DISSENTS WITH SEPARATE OPINION

PATRICIA ANN BLACKMON, J., DISSENTING:

{¶15} I would affirm the trial court's dismissal with prejudice. It is clear that the trial court did not find the defendant's statutory right was violated, since it denied defendant's speedy trial violation. Nonetheless, defendant does have a constitutional right to confront witnesses against him. In this case, the primary witness was the accuser who the state failed to produce three times. In this situation, the trial court correctly exercised its discretion to dismiss the case with prejudice.