[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. Eppinger,* Slip Opinion No. 2016-Ohio-5790.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5790

THE STATE EX REL. STEELE, APPELLANT, *v.* EPPINGER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. Eppinger,* Slip Opinion No. 2016-Ohio-5790.]

*Habeas corpus—Res judicata did not preclude appellant's convictions after reindictment—Court of appeals' dismissal of petition affirmed.*

(No. 2015-1974—Submitted July 12, 2016—Decided September 14, 2016.)

APPEAL from the Court of Appeals for Lorain County, No. 15CA010810.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, Tracee Steele.

{¶ 2} In 2006, Steele was indicted by a Cuyahoga County Grand Jury on 13 counts of gross sexual imposition among other offenses. Before trial, the Cuyahoga County Prosecuting Attorney obtained a second indictment, which charged Steele with 11 counts of gross sexual imposition and alleged the same victim, facts, and

circumstances as the first indictment. At trial, the judge noted the two indictments against Steele and suggested that the state move to dismiss one of them. The judge granted the state's motion to dismiss the first indictment, and Steele pleaded guilty to five counts of gross sexual imposition charged in the second indictment and was sentenced to 15 years in prison.

**{¶ 3}** On July 10, 2015, Steele filed a petition for a writ of habeas corpus, claiming that the trial court lacked jurisdiction to try him, because the matter was res judicata. Steele argued that the doctrine of res judicata precludes his convictions, because the first indictment was dismissed with prejudice and included the same charges and was based on the same facts and circumstances as the second indictment.

**{¶ 4}** The court of appeals interpreted Steele's argument to be a double-jeopardy claim and dismissed the petition, reasoning that double-jeopardy claims are not cognizable in habeas corpus. To the extent that Steele's petition can be interpreted as presenting a double-jeopardy claim, the court's analysis is correct. *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, 805 N.E.2d 1127, ¶ 3, citing *Howard v. Randle*, 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268, ¶ 6.

**{¶ 5}** However, Steele insists that his claim asserts res judicata, not a double-jeopardy violation. If an indictment is dismissed *on the merits*, the doctrine of res judicata precludes a reindictment based on the same facts and evidence. *State v. Lababidi*, 8th Dist. Cuyahoga No. 89460, 2008-Ohio-574, ¶ 10; *State v. Hay*, 169 Ohio App.3d 59, 2006-Ohio-5126, 861 N.E.2d 893, ¶ 24 (2d Dist.).

**{¶ 6}** Steele asserts that the first indictment was dismissed with prejudice, but the trial court's entry does not say that. In addition, his own petition makes clear that the first indictment was dismissed not on the merits but rather, to prevent a double-jeopardy violation.

2

**{¶ 7}** Thus, because the first indictment was not dismissed on the merits, the doctrine of res judicata did not preclude Steele's convictions.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Tracee Steele, pro se.

Michael DeWine, Attorney General, and Paul Kerridge, Assistant Attorney General, for appellee.

_____