[Cite as *State v. Thompson*, 2021-Ohio-1118.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-36 |
| | : | |
| TREMAINE M. THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of April, 2021.

. . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield Ohio 45502
  Attorney for Plaintiff-Appellee

MARKUS L. MOLL, JR., Atty. Reg. No. 0093795, 2621 Dryden Road, Suite 306, Dayton, Ohio 45439
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Tremaine M. Thompson appeals from his convictions for aggravated vehicular assaults, failure to stop after an accident, failure to comply, obstructing official business, and improper handling of a firearm in a motor vehicle. Thompson asserts the trial court erred in overruling his motions to suppress evidence. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

## I.  Factual and Procedural Background

{¶ 2} At approximately 10:33 p.m. on October 5, 2019, Clark County Sheriff's Deputy Eubanks was on routine patrol when he observed a maroon Impala sedan run a red light.  Eubanks activated his lights and siren and pursued the driver through another red light.  After following the Impala for several blocks at a high rate of speed, Eubanks saw the vehicle crash into another vehicle.  Eubanks also observed a black man running from the scene.  Eubanks attempted to chase the man on foot but was unable to stop him.

{¶ 3} When additional officers arrived, it was determined that the Impala belonged to Cecilia Griffin.  When Griffin was contacted, she reported the car stolen.  An officer found Thompson's work clothes, hard hat, and wallet in the Impala.  Thompson's identification was shown to Eubanks, who identified him as the driver of the Impala who had fled the scene.

{¶ 4} Approximately one week later, an officer attempted to serve Thompson with a warrant related to the Impala crash.  Thompson once again fled, but he was eventually apprehended.  Thompson was indicted on one count of failure to comply in violation of

R.C. 2921.331(B), one count of failure to stop after an accident in violation of R.C. 4549.02, one count of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), one count of obstructing official business in violation of R.C. 2921.31, and two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(B).   In December 2019, Thompson filed a motion to suppress Eubanks's out-of-court and in-court identifications of him as the driver of the Impala.   The motion also sought to suppress a videotape from a surveillance camera at a Speedway gas station near the crash site.   After a hearing, the motion was overruled.   The State then filed a motion to dismiss.   The case was dismissed without prejudice on January 14, 2020.

{¶ 5} The State re-indicted Thompson on January 21, 2020 on the same charges, except that the aggravated vehicular assault charges, which had previously been charged as third-degree felonies, were indicted as second-degree felonies.   A trial was set for April 1, 2020, but due to the COVID-19 pandemic, the trial was reset for June 10, 2020.

{¶ 6} On June 4, 2020, Thompson filed a request for leave to file a motion to suppress instanter, which again sought to suppress Eubanks's out-of-court identification and the Speedway video surveillance.   On June 6, the trial court overruled the motion, indicating that it was barred by the doctrine of res judicata.

{¶ 7} On June 10, 2020, Thompson filed a motion to dismiss and to suppress new evidence.   The motion sought to suppress any evidence downloaded from a cellular telephone recovered from the crashed Impala.   In support, Thompson claimed that the State did not disclose the evidence until June 7, 2020, and that the police did not obtain a warrant prior to downloading any evidence taken from the phone.

{¶ 8} On that same date, the parties appeared for trial.   In open court, the trial

court noted that Thompson had a filed a motion to suppress earlier that day and asked the State for a response to that motion. The State claimed the cellphone information was admissible because the cellphone had been abandoned in the crashed Impala. Counsel for Thompson then indicated he had a witness whose testimony would rebut the State's claim of abandonment.

**{¶ 9}** The trial court noted that a suppression hearing had been conducted in the 2019 case, but stated, "I know the issues were different." Plea Tr. p. 6. The court then stated, "I do find the property was abandoned." *Id.* Based upon the finding of abandonment, the court concluded the State did not need a warrant in order to download the contents of the cellphone.

**{¶ 10}** Thereafter, Thompson entered a plea of no contest to all of the charges. The trial court sentenced Thompson to an aggregate minimum prison sentence of 17 years with an aggregate maximum of 20 years. Thompson appeals.

## II.     June 4, 2020 Motion to Suppress

**{¶ 11}** Thompson's first assignment of error states:

IT WAS IMPROPER TO DENY DEFENDANT/APPELLANT'S MOTION TO

SUPPRESS, FILED ON JUNE 4, 2020 UNDER RES JUDICATA.

**{¶ 12}** Thompson asserts that the trial court erred in concluding his motion to suppress was barred by the doctrine of res judicata. The State concedes such error but argues that we may still affirm the judgment of the trial court on the basis that the motion was untimely filed.

**{¶ 13}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits

bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 14} "A dismissal without prejudice does not affect a 'substantial right' within the meaning of R.C. 2505.02 because the state can bring the action again." (Citations omitted.) *State v. Brown*, 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 10. "A dismissal is not a final determination of the parties' rights if the complaint can be refiled." *Id.* Because it is not an adjudication on the merits and leaves the parties as if the action never had been commenced, "a dismissal without prejudice is not a final order." *Id.* at ¶ 12.

{¶ 15} Based upon the foregoing, and as conceded by the State, we conclude that the trial court erred in finding Thompson's June 4 motion to suppress to be barred by res judicata.

{¶ 16} Alternatively, the State asserts that the trial court's decision on the motion to suppress was proper on other grounds. Specifically, the State argues that the motion was untimely and, thus, the trial court acted within its discretion by overruling the motion.

{¶ 17} "With respect to pretrial motions, Crim.R. 12(C)(3) provides that a motion to suppress evidence is a motion that must be raised prior to trial. Pursuant to Crim.R. 12(D), pretrial motions must be filed within 35 days after arraignment, or seven days before trial, whichever is earlier. However, the Rule permits the trial court to extend the time for filing a pretrial motion 'in the interest of justice.' " *State v. Garrett*, 2d Dist. Greene No. 2004-CA-110, 2005-Ohio-4832, ¶ 13.

{¶ 18} We agree with the State that the trial court could have overruled the motion as untimely. However, it did not. Instead, the court determined that the facts and issues raised in the motion to suppress were the same as those raised in the motion to suppress filed in the 2019 case and concluded that the motion was barred by res judicata. Thus, it can be inferred that the court implicitly considered the timeliness issue and determined it would still consider the motion.

{¶ 19} Given the state of this record, we are constrained to conclude that the trial court decided to consider the motion to suppress despite its untimeliness and incorrectly determined it was barred by res judicata. Thus, we conclude the trial court erred in overruling the motion without conducting an evidentiary hearing or obtaining factual stipulations.

{¶ 20} Accordingly, the first assignment of error is sustained.

### III.      June 10, 2020 Motion to Suppress

{¶ 21} Thompson's second assignment of error states:

THE TRIAL COURT ERRED TO THE DEFENDANT/[APPELLANT'S PREJUDICE] WHEN IT DENIED THE DEFENDANT/APPELLANT'S MOTION TO DISMISS AND FOR SUPPRESSION OF NEW EVIDENCE, FILED ON JUNE 10, 2020.

{¶ 22} Thompson contends the trial court erred by denying his motion to dismiss or suppress the evidence downloaded from his cellular telephone.

{¶ 23} The record indicates that, two days before the scheduled trial date, the State informed Thompson that data had been extracted from his cellular telephone and the

State intended to introduce that data at trial.   As noted above, Thompson filed a motion to suppress that information on the day of trial.   The trial court addressed the motion prior to starting the trial.   The State argued that the motion should be overruled because the evidence demonstrated the phone had been abandoned.   Defense counsel indicated there was a witness who could refute the State's argument.

{¶ 24} Although acknowledging that the 2019 motion to suppress and the motion at issue involved different issues, the trial court stated that it had heard all relevant evidence during the 2019 hearing.   The court then ruled that the cellular telephone had been abandoned, and it overruled the motion without conducting a hearing.

{¶ 25} The transcript of the hearing in the 2019 case was included with the record of the 2020 case provided by the Clark County Clerk of Courts.   However, that 2019 transcript is not part of the record in the 2020 case.   Neither Thompson nor the State sought to include it in that record, and the trial court did not purport to include it as part of the record.   Further, there is no stipulation in this record regarding the facts adduced in the prior hearing.   Therefore, the 2019 transcript is not properly a part of the record before us, and we may not review it in determining the issue before us.

{¶ 26} Given this conclusion, there is nothing in the record to indicate that any evidence regarding the cellular telephone was introduced at the prior hearing.   Thus, there is no evidence that the cellular telephone was found in the Impala.   Further, defense counsel indicated there was a witness who could refute the State's claim that the cellular telephone had been abandoned.   However, the trial court, by overruling the motion without a hearing, summarily excluded potentially relevant evidence.

{¶ 27} Based on this record, we conclude that the trial court erred in denying the

motion to suppress without conducting an evidentiary hearing or obtaining factual stipulations. Accordingly, the second assignment of error is also sustained.

## IV. Abuse of Discretion

{¶ 28} The third assignment of error asserted by Thompson states:

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT/APPELLANT TO AN INDEFINITE SENTENCE OF SEVENTEEN TO TWENTY YEARS.

{¶ 29} Thompson claims the trial court erred in sentencing. However, given our disposition of the first and second assignments of error, we must reverse the convictions and remand this case for further proceedings, and it would be premature for us to consider this argument.

## V. Conclusion

{¶ 30} Thompson's first and second assignments of error are sustained. The judgment of conviction is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Ian Richardson
Markus L. Moll, Jr.
Hon. Douglas M. Rastatter