[Cite as *State v. Jabbaar*, 2013-Ohio-2897.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 98218

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALI JABBAAR

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-551246
Application for Reopening
Motion No. 465911

**RELEASE DATE:**     July 2, 2013

**FOR APPELLANT**

Ali Jabbaar, pro se
Inmate No. 623-086
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio   45036


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Brent C. Kirvel
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   On June 18, 2013, the applicant, Ali Jabbaar, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Jabbaar*, 8th Dist. No. 98218, 2013-Ohio-1655, in which this court affirmed Jabbaar's convictions for one count of kidnapping with a three-year firearm specification and sexual motivation specification and one count of rape.   Jabbaar maintains that his appellate counsel should have argued that the trial court erred in denying his motion to dismiss on speedy trial grounds.   For the following reasons, this court denies the application to reopen.

{¶2}   In June 2011, the grand jury indicted Jabbaar on one count of kidnapping with a sexual motivation specification, and three counts of rape with sexually violent predator specifications, all with one- and three-year firearm specifications.   In January 2012, Jabbaar moved to dismiss on speedy trial grounds.    In February 2012, Jabbaar accepted a plea bargain under which he pleaded guilty to one count of kidnapping with a three-year firearm specification and a sexual motivation specification and one count of rape; all the other counts and specifications were nolled.   The judge sentenced him to 13 years in prison.

{¶3}   On appeal, Jabbaar's counsel argued that the plea was not knowingly, voluntarily, and intelligently made because the judge coerced the plea by improper

participation in the plea bargaining. This court rejected that argument and affirmed. Jabbaar now argues that his appellate counsel was ineffective because he should have raised the speedy trial argument that Jabbaar was in jail for more than 90 days, and the continuances were improper because Jabbaar did not consent to them.

{¶4} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990); and *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶5} In the present case, appellate counsel properly rejected arguing speedy trial violations. In *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus, the Supreme Court of Ohio held that a plea of guilty effectively waives all appealable errors, unless such errors are shown to have precluded the defendant from voluntarily entering into the plea. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986). In both *Kelly* and *Greeno*, the Supreme Court of Ohio ruled that a guilty plea foreclosed the right to assert on appeal the issue of the denial of a speedy trial. Thus, Jabbaar does not establish a genuine issue as to the effectiveness of appellate counsel.

{¶6} Accordingly, this court denies the application to reopen.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR