[Cite as *State v. Steele*, 2014-Ohio-1085.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100289**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TRACEE STEELE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-489173

**BEFORE:** Kilbane, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**APPELLANT**

Tracee Steele, pro se
Inmate No. 521-540
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mary H. McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Tracee Steele ("Steele"), pro se, appeals from the trial court's denial of his motion to dismiss for lack of speedy trial. For the reasons set forth below, we affirm.

{¶2} In November 2006, Steele was charged in a 25-count indictment. Counts 1-10 and Count 25 charged him with gross sexual imposition, with each count carrying a sexually violent predator specification. Counts 11-20 and Counts 23-24 charged him with kidnapping, with each count carrying a sexual motivation specification and a sexually violent predator specification. Counts 21-22 charged him with rape, with each count carrying a sexually violent predator specification. In December 2006, Steele pled guilty to five counts of GSI, which were amended by the deletion of the sexually violent predator specifications. The remaining counts were nolled. The trial court sentenced Steele to a total of 15 years in prison. By the stipulation of the parties, Steele was classified a sexual predator.

{¶3} From May 2008 to November 2010, Steele filed three pro se motions challenging his guilty plea and sentence, all of which were denied by the trial court. Then in June 2013, Steele filed a pro se motion to dismiss for failure to provide a speedy trial under R.C. 2945.71. The trial court denied the motion in July 2013.

{¶4} It is from this order that Steele appeals, raising the following single assignment of error for review.

Assignment of Error

The trial court erred in overruling [Steele's] motion to dismiss all charges and conviction based on the state's failure to bring him to trial within the 270-day limit of his arrest as required by R.C. 2945.71-73.

**{¶5}** In the sole assignment of error, Steele argues that his right to a speedy trial was violated because he was not brought to trial within 270 days and, as a result, his convictions should be reversed. In *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991), the Ohio Supreme Court reaffirmed "that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds[.]" The court noted:

> In discussing a defendant's speedy trial rights, this court in *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 495 N.E.2d 581, held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *See also Partsch v. Haskins* (1963), 175 Ohio St. 139, 141, 191 N.E.2d 922, 923 ("even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial"); *State v. Branch* (1983), 9 Ohio App.3d 160, 458 N.E. 2d 1287.

*See State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 14-15; *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98218, 2013-Ohio-2897, ¶ 5.

**{¶6}** By pleading guilty in the instant case, Steele waived his right to challenge his convictions on speedy trial grounds.

**{¶7}** Thus, the sole assignment of error is overruled.

**{¶8}** Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR