[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. McClelland,* Slip Opinion No. 2018-Ohio-4011.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4011

THE STATE EX REL. STEELE, APPELLANT, *v.* MCCLELLAND, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. McClelland,* Slip Opinion No. 2018-Ohio-4011.]

*Mandamus and prohibition—Petition to compel trial court to vacate journal entry dismissing first indictment—Existence of second indictment constituted "good cause" for purpose of R.C. 2941.33 requirement—Adequate remedy existed at law—Court of appeals' dismissal affirmed.*

(No. 2017-1601—Submitted April 10, 2018—Decided October 4, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 105893, 2017-Ohio-8233.

_____

**Per Curiam.**

{¶ 1} Appellant, Tracee Steele, appeals the judgment of the Eighth District Court of Appeals dismissing his petition for writs of mandamus and prohibition

against appellee, Robert C. McClelland, a Cuyahoga County Common Pleas Court judge. We affirm the judgment of the court of appeals.

**Background**

{¶ 2} In 2006, Steele was indicted in Cuyahoga County Common Pleas case No. CR-06-484795-A for multiple counts of gross sexual imposition and kidnapping. On December 6, 2006, prior to trial, the prosecutor orally moved to dismiss that indictment because a second indictment had been filed against Steele, in case No. CR-06-489173-A. The second indictment was nearly identical to the first with the exception of Counts 21 and 22, which charged Steele with rape instead of gross sexual imposition. He subsequently pleaded guilty to five counts of gross sexual imposition and was sentenced to 15 years in prison.

{¶ 3} On June 13, 2017, Steele filed a petition for writs of mandamus and prohibition in the Eight District Court of Appeals, arguing that Judge McClelland's predecessor (who presided over Steele's proceedings in the trial court) erred when she granted the state's motion to dismiss the indictment in case No. CR-06-484795-A. Thus, Steele sought an order compelling Judge McClelland to vacate as void the December 2006 journal entry dismissing the first indictment and to "place the parties in the same position they were in before the void judgment was entered."

{¶ 4} Judge McClelland filed a motion for summary judgment, which Steele opposed. The court of appeals granted the judge's motion on the grounds that the trial court properly dismissed the first indictment and Steele had an adequate remedy in the ordinary course of the law.

**Legal Analysis**

{¶ 5} We affirm the judgment of the court of appeals. Steele asserts in his petition that the trial court erred when it granted the state's motion to dismiss the first indictment. In support, Steele argues that the dismissal entry is void because the trial court failed to determine that "good cause" existed as required by R.C. 2941.33 and because the trial judge and prosecutor referenced an incorrect case

2

number in open court with regard to the state's motion to dismiss the first indictment.

{¶ 6} The record does not demonstrate that the trial court's decision granting the state's motion to dismiss was made in error. In this case, the existence of the second indictment in case No. CR-06-489173-A, which changed two counts contained in the first indictment from gross sexual imposition to rape, constituted "good cause" for purposes of R.C. 2941.33. *See State v. McWilliams*, 8th Dist. Cuyahoga No. 68571, 1995 WL 386981, *3 (recognizing that good cause exists to dismiss a first indictment when a second indictment was being sought).

{¶ 7} Steele contends that *McWilliams* is distinguishable and that the court of appeals erred in relying on it. However, his argument is unfounded; just as in Steele's case, in *McWilliams*, on the day trial was to begin on a first indictment, the state sought to dismiss the first indictment so it could proceed on a second indictment, which added charges against a codefendant. The relevant difference between *McWilliams* and Steele's case is the reason for the dismissal of the first indictment—and *McWilliams* is not distinguishable on this basis.

{¶ 8} Pursuant to Crim.R. 48(A), the state may seek dismissal of an indictment by leave of court and in open court. The record demonstrates that the prosecutor and trial judge did initially misidentify the number of the case being dismissed as CR-06-484175-A instead of the correct case number, CR-06-484795-A. However, as the court of appeals correctly noted, the transcript makes clear that the error was inconsequential. 2017-Ohio-8233 at fn. 1. The fact that Steele's counsel referenced the correct case number at the hearing further demonstrates that any confusion caused by the misidentification was subsequently dispelled. Accordingly, Steele failed to demonstrate that the trial court's dismissal of the first indictment to allow the state to proceed on the second indictment was erroneous.

{¶ 9} Even if the dismissal had been granted in error, Steele would not be successful here because he has not demonstrated that he lacks an adequate remedy

in the ordinary course of law. Absent a patent and unambiguous lack of jurisdiction, neither mandamus nor prohibition will lie if the relator has an adequate remedy in the ordinary course of the law. *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. Steele could have moved to dismiss the second indictment and could have appealed any adverse ruling at the conclusion of the case. Thus, he is not entitled to either writ. *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8 ("The availability of an appeal is an adequate remedy sufficient to preclude a writ"); *State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 21.

{¶ 10} Steele also contends that the second indictment was erroneously sought without leave of court. However, whether to seek an indictment is well within a prosecutor's discretion, *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 103; there is no basis in the law for the proposition that a prosecutor must first seek leave of court. Moreover, Steele has waived this claim by failing to raise it in his petition. *See State ex rel. Sevayega v. Gallagher*, 151 Ohio St.3d 208, 2017-Ohio-8369, 87 N.E.3d 212, ¶ 16.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Tracee Steele, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____