[Cite as *State v. Downey*, 2019-Ohio-1438.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107363 |
| v. | : | |
| IAN S. DOWNEY, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-615763-A

***Appearances:***

Donald M. Gallick, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Jeffrey Schnatter and Hannah Smith, Assistant Prosecuting Attorneys, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Ian Downey, appeals his convictions following a guilty plea. For the reasons that follow, we affirm.

{¶ 2} In May 2017, Downey was named in a 21-count indictment charging him with rape (Counts 1, 15, and 19); kidnapping (Counts 2, 12, 14, 16, 18, and 21);

illegal use of a minor in nudity-oriented material or performance (Counts 3-10); gross sexual imposition (Counts 11, 13, and 20); and attempted rape (Count 17). Most counts contained sexually violent predator or sexually motivated specifications. These charges stemmed from incidents that occurred between 1988 and 2013, in both Medina and Cuyahoga Counties.

{¶ 3} In September 2017, Downey moved to dismiss the indictment and sever the counts; a hearing was subsequently held in November. During the hearing, the state agreed to dismiss Counts 13 and 14. In March 2018, the trial court issued a written opinion denying Downey's motion to sever, but granting Downey's motion to dismiss regarding Counts 3, 5, and 7. The trial court also agreed with Downey that Counts 17 and 18 violated the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions. Accordingly, the court found "that the conduct charged in [the counts] from the date range of October 18, 1992 – September 8, 1995 (or when the defendant was 13 and 14 respectively) is excluded and cannot be referenced during trial." The trial court did not expressly dismiss Counts 17 and 18.

{¶ 4} Nevertheless, in May 2018, Downey entered into an agreement to plead guilty to amended Count 1 (rape); Count 2 (kidnapping and the sexual motivation specification); Count 4 (illegal use of a minor in nudity-oriented material or performance); Count 11 (gross sexual imposition), amended Count 15 (sexual battery), and Count 16 (kidnapping). The trial court merged Counts 1 and 2, with the state electing to sentence on Count 1, and merged Counts 15 and 16, with the

state electing to sentence on Count 15. The trial court sentenced Downey to nine years on Count 1, eight months on Count 4, two years on Count 11, and four years on Count 15. The sentence in Count 4 was ordered to run concurrently with the sentences in Counts 1, 11, and 15, which were ordered to run consecutively, for a total prison term of 15 years. Downey was classified as a Tier III sex offender.

{¶ 5} Downey now appeals, raising two assignments of error.

## I. Plea

{¶ 6} Downey contends in his first assignment of error that "[t]he trial court's acceptance of [his] guilty plea violated the Sixth Amendment right to counsel as his counsel failed to present witnesses at the evidentiary hearing on the motion to dismiss and motion to sever." Within the assignment of error, Downey raises four separate challenges that his counsel was ineffective during the hearing on his motion to dismiss and sever because counsel (1) did not call any witnesses to dispute the alleged tolling of statute of limitations; (2) did not file a motion to compel the state to file a bill of particulars, despite the broad ranges of time in the indictment; (3) failed to file supplemental briefing following the hearing; and (4) failed to demand that the trial court rule on the motions to dismiss and sever prior to the guilty plea.

{¶ 7} When a defendant enters a guilty plea, he generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98218, 2013-Ohio-2897, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5. Thus, a claim of ineffective

assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary. *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992),

{¶ 8} In order to prevail on this claim, Downey must meet the test for ineffective assistance of counsel. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). This requires a convicted defendant to prove two things — counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 9} Where a defendant challenges trial counsel's performance in connection with a guilty plea, the defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offense at issue and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *Xie* at 524, and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 10} First, contrary to Downey's assertions, counsel filed two separate supplemental briefs following the hearing on the motion to dismiss and sever, and prior to the plea, the trial court issued a journal entry granting, in part, the motion to dismiss. Accordingly, his arguments that his counsel was ineffective for these reasons have no merit.

{¶ 11} Moreover, although Downey challenges counsel's failure to file a motion to compel a bill of particulars or call witnesses at the dismissal hearing, he makes no argument that these failures rendered his plea involuntary. Accordingly, these challenges are deemed waived.

{¶ 12} Rather, the record reflects that Downey entered into a knowing, intelligent, and voluntary plea where the trial court thoroughly engaged in a Crim.R. 11 colloquy. He has not raised any argument on appeal that the plea hearing or colloquy contained any defects or that the trial court did not fully comply with Crim.R. 11. And our review of the record does not reveal that any deficiencies in the plea occurred. Absent a showing of prejudice or that this plea was a result of counsel's alleged inadequacies, Downey's challenge on appeal is without merit.

{¶ 13} The first assignment of error is overruled.

## II. Consecutive Sentences

{¶ 14} In his second assignment of error, Downey contends that the imposition of consecutive sentences must be vacated because the sentences were imposed before the trial court made the requisite R.C. 2929.14 findings. In support, Downey cites to this court's decision of *State v. Williams*, 8th Dist. Cuyahoga No. 106570, 2018-Ohio-4426. However, in *Williams*, this court granted the state's motion for reconsideration and held that nothing in R.C. 2929.14(C)(4) requires a trial court to articulate its reasons for imposing consecutive sentences prior to its announcement that the court is ordering consecutive sentences. *State v. Williams,*

8th Dist. Cuyahoga No. 106570, 2018-Ohio-5022, ¶ 41, citing *State v. Romanko*, 8th Dist. Cuyahoga No. 104158, 2017-Ohio-739, ¶ 19.

{¶ 15} In this case, the trial court ordered that Downey's sentences be served consecutively. At the end of sentencing, the prosecutor asked the judge to make the requisite R.C. 2929.14(C)(4) findings that would support the imposition of consecutive sentences. The trial court in this case, just like the trial court in *Williams*, neglected to make the consecutive sentence findings until the end of sentencing when prompted by the prosecutor that the findings needed to be articulated. We find no error; the consecutive sentence findings do not need to be made immediately preceding or following the court stating its imposing consecutive sentences. The findings only need to be made in open court during sentencing, and then incorporated into the journal entry of conviction. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; Crim.R. 43.

{¶ 16} Downey has not made any argument on appeal that the trial court did not make the requisite findings pursuant to R.C. 2929.14(C)(4) or that the record does not support the findings. Accordingly, the trial court did not err in imposing consecutive sentences; the findings were made in Downey's presence, in open court, and subsequently journalized. *See* Crim.R. 43.

{¶ 17} Downey's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR