[Cite as *State v. Jones*, 2020-Ohio-149.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-087 |
| | : | O P I N I O N |
| - vs - | | 1/21/2020 |
| | : | |
| NOAH JONES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-11-2080

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant

**PIPER, J.**

{¶ 1} Appellant, Noah Jones, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to two counts of felonious assault and their accompanying firearm specifications.

{¶ 2} Jones, who was upset about a possible drug-related theft of $900, spent the day watching the home of the man he believed stole from him. After the occupants returned

to the home, Jones drove by and fired a shot into the house. He then drove around again, firing another shot into the home. This second bullet struck a two-year-old child in the face and another child in her leg. Both children survived, but suffered ongoing physical and psychological repercussions from being shot.

{¶ 3} Jones was indicted on multiple counts of felonious assault, improperly discharging a firearm into a habitation, and several accompanying firearm specifications. Jones agreed to plead guilty to two counts of felonious assault with one-year and five-year firearm specifications, and the remaining charges and specifications were dismissed. During the plea hearing, the trial court informed Jones of his possible maximum sentence.

{¶ 4} The trial court later sentenced Jones to seven years on the first count of felonious assault and five years on the second count. The trial court ordered the sentences to run consecutively and also imposed the two firearm specifications for an aggregate sentence of 18 years. Jones now appeals his sentence, raising the following assignments of error, which we will address together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UNDER R.C. § 2914(C)(4)(b) BECAUSE IT WAS BASED IN CENTRAL PART ON CONDUCT UNDERLYING A DISMISSED CHARGE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UNDER R.C. § 2914(C)(4)(c) BECAUSE THE FINDING WAS NOT SUPPORTED BY THE RECORD.

{¶ 9} Jones challenges his sentence within his two assignments of error.

{¶ 10} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516,

2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 11} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 12} A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

- 3 -

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 13} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

{¶ 14} The record clearly indicates that the trial court's sentence was within the statutory range for the enumerated felony designations, supported by the required considerations of R.C. 2929.11 and 2929.12, and included the proper postrelease control notifications. Moreover, the trial court made consecutive sentence findings at the sentencing hearing when it imposed sentence, as well as in its judgment entry of sentence. The trial court specifically found that consecutive sentences were necessary to protect the public from future crime, as well as to punish Jones for his crimes. It also found that the consecutive nature of the sentence was not disproportionate to the seriousness of Jones' conduct and to the danger he posed to the public.

{¶ 15} The trial court also determined that Jones' crimes were committed as a course of conduct and that the harm was so great and unusual that a single term could not adequately reflect the seriousness of Jones' conduct. While not required to do so, the trial court made an additional finding that Jones' criminal history demonstrated that consecutive sentences were necessary to protect the public from Jones' future crime. Given the trial

court's adherence to the statutory requirements, Jones consecutive sentences were not contrary to law.

{¶ 16} We also find that the trial court's findings in relation to the sentence were supported by the record.  The record indicates that Jones drove by the victims' home and shot twice into the occupied structure because of a disagreement regarding $900 of drug money.  With his second shot, Jones' bullet struck a two-year-old child in the face, and then struck another child in the leg.  Both children suffered serious physical injury from the bullet. The younger child, who was placed in a medically-induced coma, required multiple facial surgeries and ongoing medical care.  The child also suffered from withdrawal symptoms related to her prescription pain medication.  The older child continues to have problems with her knee where she was shot, including her knee popping out of the socket on occasion. The children and their family continue to live with fear and suffer from physical and emotional scars of the shooting.

{¶ 17}  The court also considered that Jones watched the victims' house on the day of the shooting and waited until they returned before shooting into the home.  Despite having a day to consider his actions, Jones followed through on his intent to shoot into the home. Jones was aware of who lived in the home, including that multiple children could be there at any time.

{¶ 18}  The trial court also considered that Jones had a history of drug addiction and committing crimes while under the influence of narcotics, including weapons and assault related misdemeanors.  Jones asserts the trial court overemphasized his criminal history given that his convictions were misdemeanors.  While the trial court noted the overall minimal nature of Jones' criminal history, it also noted that the nature of the misdemeanor offenses was "significant."  We agree with the trial court because Jones' crimes, despite their misdemeanor classifications, were associated with violence and weapons and demonstrated

a pattern of Jones' violent tendencies and weapons use. As such, we find the trial court's findings related to sentencing are fully supported by the record.

{¶ 19} Jones asserts that the trial court erred in determining his actions were part of a course of conduct because he was never convicted of the felonious assault charge associated with his first shot into the house. However, the statute is specific to the defendant's *conduct* when committing his or her crimes and does not limit the sentencing court to consider only the defendant's convictions.

{¶ 20} The record clearly indicates, and Jones never denied, that he first drove by the home, shooting once into the house. He then drove by again, shooting once more into the home, this time, striking two children. While Jones was not convicted of a crime related to his first shot, the trial court was permitted to consider what Jones did on the night of the drive-by shooting and all his actions associated with the commission of the crimes for which he was ultimately convicted.

{¶ 21} The trial court properly considered the entire set of facts that led to Jones' crimes, and did so within the proper context to understand Jones' intent and state of mind on the day of the shooting. The fact that the state dismissed charges related to the first shot as part of its plea negotiations did not negate the fact that Jones shot into the home twice, and the trial court was not precluded in any manner from considering that fact before sentencing Jones.

{¶ 22} After reviewing the record, we find the trial court's sentence proper. As such, Jones' two assignments of error are overruled.

{¶ 23} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.