[Cite as *State v. Miller*, 2022-Ohio-1438.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-07-079 |
| | : | O P I N I O N |
| - vs - | | 5/2/2022 |
| | : | |
| RONALD E. MILLER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-03-0254


Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., Christopher J. Pagan and Jacob D. Long, for appellant.



**PIPER, P.J.**

{¶1} Appellant, Ronald E. Miller, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to three counts of gross sexual imposition ("GSI").

{¶2} In 2021, Miller was arrested based upon allegations that he engaged in sexual conduct and contact with his young female relatives over the course of nearly three decades. Miller waived the indictment and was charged by way of a bill of information with three counts of GSI. The charges related to Miller's two granddaughters and a niece.

Thereafter, Miller pled guilty as charged. As a part of his plea agreement with the state, Miller agreed that the state would not pursue additional possible charges for the victims identified within the bill of particulars, but that the trial court, for sentencing purposes, could hear from and consider victim impact statements from additional identified victims who were outside the statute of limitations.

{¶3} After a hearing, the trial court accepted Miller's guilty pleas as voluntarily made and found Miller guilty of the three counts of GSI. The matter proceeded to sentencing, where the trial court heard argument from the state, mitigation from Miller's counsel, and a victim impact statement that was read into the record. In addition to the statements made at the hearing, the trial court also considered three additional victim impact statements, a psychological evaluation report, and a presentence-investigative report prior to sentencing Miller.

{¶4} After considering the above, the trial court sentenced Miller to a ten-year prison term, which included two four-year prison sentences and a two-year prison sentence, each to be served consecutively with one another. The trial court informed Miller that, upon his release, he was subject to five years of mandatory postrelease control. The trial court also classified Miller as a Tier II Sex Offender and explained his duties as a result of that classification.

{¶5} Miller now appeals his sentence, raising the following assignment of error for our review:

{¶6} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES

{¶7} On appeal, Miller challenges the trial court's decision to impose consecutive sentences. An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court can modify or

vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶9} A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Jones*, 12th Dist. Butler No. CA2019-05-087, 2020-Ohio-149, ¶ 10-14. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately

reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶10}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

**{¶11}** The record clearly indicates that the trial court's sentence was within the statutory range for the enumerated felony designations, supported by the required considerations of R.C. 2929.11 and 2929.12, and included the proper postrelease control notifications.

**{¶12}** The trial court also made the requisite findings before sentencing Miller to consecutive sentences. At the sentencing hearing, the trial court made the following finding when electing to run Miller's sentences consecutively:

[The Court]: The Court finds that the harm in this particular case in light of the facts that have been offered is so great or unusual that a single term does not adequately reflect the seriousness of the charges and the harm, which is why the Court is running the three sentences consecutive to one another.

**{¶13}** Later in the hearing, the state reminded the trial court that it must make additional findings when sentencing Miller to consecutive sentences. The following exchange took place between the state and the trial court:

[The State]: Your Honor, I just wanted to clarify, as you're making your consecutive findings – your consecutive sentence findings – I know the Court indicated the harm was so great and

unusual that no single sentence could adequately reflect the seriousness of the offender's conduct. I presume the Court is finding this as a part of course of conduct and furthermore, that consecutive service is necessary to protect the public from future crime, or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.

[The Court]: Yes, the Court makes that finding.

{¶14} Based upon this interaction, Miller argues the trial court failed to understand the proper test and that additional factors were necessary to support consecutive sentences. Miller claims the omission of the first and second factors in its consecutive-sentencing analysis was prejudicial, as he "based his entire sentencing case on proof he was not a risk for future crime."

{¶15} After a review of the record, we disagree with Miller's claims. As set forth in the exchange above, the trial court made the requisite findings prior to imposing consecutive sentences. That is, by affirmatively responding to the state's request for clarification, the trial court clarified it was making each of the necessary findings pursuant to R.C. 2929.14(C)(4). Although it is better practice for a trial court to make its findings for imposing consecutive sentences on the record without prompting from the state, "such a method of placing the findings on the record is not legally deficient." *State v. Armstrong*, 152 Ohio App. 3d 579, 2003-Ohio-2154, ¶ 10 (9th Dist.); *see also State v. Downey*, 8th Dist. Cuyahoga No. 107363, 2019-Ohio-1438, ¶ 15, *appeal not allowed*, 156 Ohio St.3d 1466, 2019-Ohio-2892. After the hearing, the trial court memorialized each of its findings in its judgment entry. Accordingly, Miller's consecutive sentences are not contrary to law.

{¶16} We also find that the trial court's findings for consecutive sentences purposes are supported by the record. Miller pled guilty to three counts of GSI, wherein he was accused of sexually abusing his own granddaughters and niece between 1998 and 2021.

In addition to the named victims within the information, the trial court heard statements from four of Miller's older victims, whose birthdates ranged from 1973 to 1984, and whose allegations were outside the statute of limitations. This includes a victim impact statement from C.P., Miller's niece, that was read into the record at the sentencing hearing. In her statement, C.P. described the abuse she suffered from Miller beginning at age eight or nine, and detailed an occasion where he sexually assaulted her and another female named "J." while they were watching a movie in his bed. After the assault occurred, Miller told C.P. he would kill her mother or sister if she disclosed the abuse. Given C.P.'s age of 45 at the time of the sentencing hearing, and the fact that the trial court did not hear from "J." during the proceedings, the record reflects that Miller's actions have caused significant harm to multiple generations of his family, including additional unknown victims.

{¶17} On appeal, Miller relies heavily on the psychological evaluation, wherein a psychologist offered an opinion that Miller is at a low risk to reoffend. The trial court specifically noted that it considered the report before sentencing Miller, but found that, even when considering the report, consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the danger Miller poses to the public. These findings are supported by the record, as the psychological evaluation report does not encompass a full picture of Miller's criminal conduct over the past thirty years. For example, the report misstates the longevity and pattern of Miller's criminal behavior, omits one of the named victims entirely, and does not reference the allegations relating to the remaining four victims. Additionally, the psychological evaluation was based upon sexual fantasies and conduct that Miller admitted and described to the psychologist. We note that the conduct described in the report is inherently different from the sexual assault described in C.P.'s witness statement. As such, it is apparent the psychologist was not presented with a complete overview of the allegations against Miller, and we find no error in the weight given

to the report by the trial court.

{¶18} Lastly, although defense counsel highlights that Miller took "absolute and full responsibility for his behaviors," the record reveals that while Miller did not "necessarily condone" his actions, he did not see his behavior as particularly harmful to his victims. Consequently, although Miller waived the indictment and grand jury proceedings, and elected to enter guilty pleas, the record does not reflect that he appreciates the damage he has caused to his family over the years.

{¶19} Accordingly, when considering the nature of Miller's conduct, as well as the totality of the harm inflicted by his actions, we conclude that the trial court's R.C. 2929.14(C)(4) findings are supported by the record. We further find, as noted above, that the imposition of consecutive sentences was not otherwise contrary to law in this case. As a result, the trial court did not err in imposing consecutive sentences, and Miller's sole assignment of error is overruled.

{¶20} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.