[Cite as *State v. Steele*, 2022-Ohio-2144.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                      No. 111070

v.                                      :

TRACEE STEELE,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 23, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-489173-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorney, *for appellee*.

Tracee Steele, *pro se*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This appeal is the latest in a series of attempts by defendant-appellant

Tracee Steele to challenge his conviction in 2006 of multiple counts of gross sexual

imposition. In this appeal, he asks this court to review the trial court's denial of his

"Motion to Vacate Void Conviction" filed in August 2021. Having reviewed the record and applicable case law, we affirm the trial court's judgment.

**Procedural Background**

{¶ 2} In August 2006, Steele was indicted in Cuyahoga C.P. No. CR-06-484795-A for multiple counts of gross sexual imposition and kidnapping. While that case was pending, the prosecutor subsequently obtained a second indictment in Cuyahoga C.P. No. CR-06-489173-A. The second indictment alleged the same victim, facts, and circumstances as the first indictment, and it was nearly identical to the first indictment except that the second indictment replaced two of the gross sexual imposition counts with rape counts.

{¶ 3} On December 6, 2006, prior to trial, the prosecutor orally moved to dismiss the first indictment because a second indictment had been filed against Steele in CR-06-489173-A. The trial court granted the state's motion and dismissed the first indictment. On the same day, Steele pleaded guilty to five counts of gross sexual imposition and received a prison term of 15 years for his offenses in case No. CR-06-489173-A.

{¶ 4} Steel did not file a direct appeal. Between 2008 and 2010, however, he filed three pro se motions challenging his guilty plea and sentence, which were all denied by the trial court. In 2013, he filed a motion to dismiss on speedy trial grounds. The trial court denied the motion, and this court affirmed the trial court's decision, explaining that, by pleading guilty, Steele waived his right to challenge his

conviction on speedy trial grounds. *State v. Steele*, 8th Dist. Cuyahoga No. 100289, 2014-Ohio-1085.

{¶ 5} In 2015, Steele filed a petition for a writ of habeas corpus in the Ninth District Court of Appeals, claiming that the trial court lacked jurisdiction to try him because the matter was res judicata. He argued that the doctrine of res judicata precluded his conviction because the first indictment was dismissed with prejudice and it included the same charges and was based on the same facts and circumstances as the second indictment. The Ninth District interpreted his claim to be a double-jeopardy claim and dismissed the petition, reasoning that double-jeopardy claims are not cognizable in habeas corpus. On appeal to the Supreme Court of Ohio, the court explained that, to the extent that Steele's petition can be interpreted as presenting a double-jeopardy claim, the court's analysis was correct. The court noted that Steele's claim that the first indictment was dismissed on the merits and therefore res judicata precluded a reindictment was not supported by the record, because the trial court's entry did not state the dismissal was with prejudice. *State ex rel. Steele v. Eppinger*, 147 Ohio St.3d 404, 2016-Ohio-5790, 66 N.E.3d 718.

{¶ 6} In June 2017, Steele filed an action for a writ of prohibition and a writ of mandamus, claiming the trial court's judgment dismissing CR-06-484795-A was void and asking this court to order the trial judge to vacate that judgment. Steele claimed the trial judge acted without authority when dismissing the indictment in

case No. CR-06-484795 without "good cause" as required by R.C. 2941.33.[1] Steele further maintained that, once the dismissal was vacated, the parties should be placed in the same position they were in before the void judgment was entered. Steele appeared to want his case reinstated in CR-06-484795-A as a means to vacate his subsequent guilty plea and conviction in CR-06-489173-A. This court granted summary judgment in favor of the trial judge, finding the trial judge to have properly dismissed the first indictment. This court also noted neither mandamus nor prohibition would lie because Steele had an adequate remedy in the ordinary course of the law. *State ex rel. Steele v. McClelland*, 8th Dist. Cuyahoga No. 105893, 2017-Ohio-8233.

{¶ 7} The Supreme Court of Ohio affirmed this court's decision. It determined that "the existence of the second indictment in case No. CR-06-489173-A, which changed two counts contained in the first indictment from gross sexual imposition to rape, constituted 'good cause'" for dismissing the first indictment. *State ex rel. Steele v. McClelland*, 154 Ohio St.3d 574, 2018-Ohio-4011, 116 N.E.3d 1267, ¶ 6. Therefore, the trial judge did not err in dismissing the first indictment to allow the state to proceed on the second indictment because

---

[1] R.C. 2941.33 states: "The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

Crim.R. 48(A) permits the state to seek dismissal of an indictment by leave of court and in open court.[2]

**{¶ 8}** The Supreme Court of Ohio further explained that, even if the dismissal had been in error, Steel was not entitled to either writ because he did not demonstrate he lacked an adequate remedy in the ordinary course of law; the court noted that Steele could have moved to dismiss the second indictment and could have appealed any adverse ruling at the conclusion of the case. *Id*. at ¶ 9.

**{¶ 9}** In 2018, Steele filed a motion to correct void judgment and sentence, which the trial court denied. He filed an untimely appeal, and this court dismissed it in *State v. Steele*, 8th Dist. Cuyahoga No. 108366 (Apr. 10, 2019).

**{¶ 10}** In 2019, Steele filed a motion to vacate void judgment and sentence. He argued that the trial court improperly dismissed the first indictment and the second indictment should be reactivated and maintained that a conviction in the latter case would then violate double jeopardy. The trial court denied his motion, and this court affirmed. This court noted that Steele had unsuccessfully raised the issue in *McClelland*, 2018-Ohio-4011, in which the Supreme Court of Ohio held that the trial court properly dismissed the first indictment. This court held that there was no double-jeopardy violation when the state pursued a prosecution following

---

[2]Crim.R. 48 (A) provides that "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

the dismissal of a previous indictment. *State v. Steele*, 8th Dist. Cuyahoga No. 109047, 2020-Ohio-1627.

**Instant Motion to Vacate Void Conviction**

{¶ 11} In August 2021, Steele filed the instant "Motion to Vacate Void Judgment." He argued the trial court lacked jurisdiction to convict him in CR-06-489173-A after the dismissal of the original indictment. He claimed that the first indictment was properly dismissed and, upon the dismissal, he should be free of any further prosecution and the trial court lacked jurisdiction to convict him unless a grand jury reindicted him. In support of his claim, he cited *State ex rel. Flynt v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967 (1st Dist.). The trial court denied his motion. On appeal, Steele raises the following assignment of error:

> The trial court erred when it denied Appellant his relief to vacate his conviction, after the Appellant followed the Supreme Court[']s ruling in *Steele v. McClelland*, 2018 to challenge his criminal conviction on appeal.

{¶ 12} As this court noted in *Steele*, 2020-Ohio-1627, there are two avenues for a defendant in Steele's situation to invoke the trial court's continuing jurisdiction to challenge his or her conviction: a motion to vacate a void conviction or a successive or delayed petition for postconviction relief pursuant to R.C. 2953.23. *Id.* at ¶ 4. As we note above, Steele had previously challenged his conviction on the ground that the first indictment should not have been dismissed because the state did not show "good cause" for the dismissal. In this latest attempt to overturn his

conviction, Steele raised a very different argument for why his conviction was void. He now claimed that, pursuant to *Flynt*, *supra*, the state could not reindict him after the first indictment was dismissed, and therefore, the trial court lacked jurisdiction in CR-06-489173-A.

{¶ 13} Steele's claim is barred by res judicata because he could have raised this claim on direct appeal. The doctrine of res judicata bars a defendant "from raising and litigating in any proceeding, except an appeal from [a final] judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 14} Furthermore, Steele's claim is meritless even if we were to consider it. In *Flynt*, the First District held that when the state dismisses an indictment against criminal defendants, the prosecution is terminated and the indictment cannot be reinstated. *Id.* at syllabus. The facts of *Flynt*, however, are very different from the instant case. In that case, the state and the defendants entered into a plea agreement under which the corporate defendant pleaded guilty to two counts of pandering obscenity and the remaining 13 counts against the individual defendants were dismissed. The plea agreement contained a provision that the original indictment would be reinstated if the defendants violated the terms of the plea agreement; the state characterized the dismissal of the original charges as a "conditional" dismissal. Subsequent to their conviction, the defendants violated certain provisions of the

plea agreement. The First District found no law to support the notion of a "conditional" dismissal and held that the original criminal charges against the individual defendants could not be reinstated.

{¶ 15} The circumstances of the instant case are entirely different. When the original indictment in CR-06-484795-A was dismissed, Steele was under a separate indictment returned by a grand jury in CR-06-489173-A. Accordingly, the trial court had jurisdiction in CR-06-489173-A to accept his guilty plea and impose a sentence upon his conviction.

{¶ 16} Finally, we note that Steele misunderstands the Supreme Court of Ohio's analysis in *McClelland*, 2018-Ohio-4011, in claiming that he filed the instant "Motion to Vacate Void Conviction" pursuant to that court's ruling. In that case, the court explained that even if the dismissal of the first indictment had been in error, Steele was not entitled to a writ because, to be entitled to a writ, a relator must demonstrate he or she lacks an adequate remedy in the ordinary course of law. Here Steele had an adequate remedy in the ordinary course of law to challenge the trial court's dismissal of the first indictment — the court noted that he could have moved to dismiss the second indictment on the ground that the first indictment should not have been dismissed and, if unsuccessful, he could have appealed any adverse ruling at the conclusion of the case. *Id*. at ¶ 9. The court in *McClelland* simply explained that Steele was not entitled to the writs sought because he had an adequate remedy in the ordinary course of law. Steele's citation to *McClelland* as an authority for filing the instant motion is misguided. The sole assignment of error is overruled.

**{¶ 17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR